**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAI KUEN YU,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    13-74273

Agency No. A097-335-170

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Lai Kuen Yu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Even if not barred from asylum based on firm resettlement, substantial evidence supports the BIA's determination that Yu did not demonstrate that she suffered harm rising to the level of persecution in Hong Kong or China. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive"). Substantial evidence also supports the BIA's determinations that Yu failed to demonstrate the government would be unwilling or unable to protect her from her father, *see Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) (applicant bears the burden of establishing that abuse was committed by the government or an agent the government is unwilling or unable to control), and that Yu failed to establish a well-founded fear of persecution based on discrimination against her as an unwed mother, *see Nagoulko*, 333 F.3d at 1016-17 (being "teased, bothered, discriminated against and harassed" did not compel a finding of persecution); *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (persecution does not include "mere discrimination, as offensive as it may be"). Thus, Yu's asylum claim fails.

Because Yu failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**